## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **KRISTI VEGA**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No.  2:24-cv-901** |
| | **Judge:** |
| **SEEQUELLE PARTNERS, INC.**, a Georgia corporation, | **Mag. Judge:** |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **KRISTI VEGA** ("**VEGA**" or Plaintiff), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.     This is an action brought under the Pregnancy Discrimination Act (PDA), Title VII of the Civil Rights Act of 1964 (Title VII), and Florida Civil Rights Act (FCRA) for (1) pregnancy discrimination in violation of the PDA, (2) pregnancy discrimination in violation of the FCRA, (3) gender discrimination in violation of Title VII, and (4) gender discrimination in violation of the FCRA.

## PARTIES

2.     The Plaintiff, **KRISTI VEGA** ("**VEGA**") is an individual and a resident of Florida who at all material times was employed by the Defendant in Lee County, Florida.

3.     Defendant, **SEEQUELLE PARTNERS, INC.** ("Defendant") is a Georgia Corporation. The Defendant employed **VEGA** in Lee County, Florida.

4.     The Defendant employs in excess of 15 employees and is an employer under the PDA, Title VII and FCRA.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.     This Court has supplemental jurisdiction over **VEGA**'s state law claims pursuant to 28 U.S.C. §1367.

7.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff was employed in Lee County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Lee County is within the Fort Myers Division.

8.     **VEGA** timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and received her Notice of Right to Sue on July 1, 2024. (*See* Exhibit 1).

## GENERAL ALLEGATIONS

9.     **VEGA** began her employment with the Defendant on or about June 5, 2023, and was employed as a consultant.

10.     **VEGA** always performed her assigned duties in a professional manner and was very well qualified for her position despite her pregnancy, which was confirmed after she began her employment with the Defendant, thereafter informing the Defendant of the same.

11.     Initially, **VEGA** received great performance reviews from the Defendant's managers.

12.     After disclosing her pregnancy to her supervisor, the Defendant informed **VEGA** it would be scheduling a meeting for July 2023 to "see how [her] pregnancy was going," or words to that effect.

13.     The Defendant then informed **VEGA** that she "needed to get up to speed on training" without offering any reason for the same, before terminating her employment just a few weeks later (August 21, 2023).

14.     Upon information and belief, the Defendant replaced **VEGA** with a non-pregnant employee.

15.     The Defendant's tangible, adverse employment actions were causally connected to **VEGA**'s pregnancy and gender.

## COUNT I – VIOLATION OF THE PREGNANCY DISCRIMINATION ACT (PDA)

16.     Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

17.     At all material times, **VEGA** was an employee and the Defendant was her employer covered by and within the meaning of the PDA.

18.     The Defendant intentionally discriminated against **VEGA** because she was pregnant with regard to the terms and conditions of her employment, whereas other similarly situated non-pregnant employees were given unrestricted brief leave to accommodate their physical incapacity or for no reason at all.

19.     The Defendant's employment and disciplinary policies were applied differently to **VEGA** because of her pregnancy.

20.     The Defendant intentionally discriminated against **VEGA** by discharging her because she became pregnant.

21.     The Defendant acted with malice or reckless indifference to the civil rights of **VEGA**.

22.     **VEGA** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.     Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.     Reasonable attorney's fees plus costs;

v.      Punitive damages,

vi.     Compensatory damages, and;

vii.    Such other relief as this Court shall deem appropriate.

## <u>COUNT II – VIOLATION OF THE FCRA- PREGNANCY</u>

23.     Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

24.     At all material times, **VEGA** was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

25.     The Defendant intentionally discriminated against **VEGA** because she was pregnant with regard to the terms and conditions of her employment, whereas other similarly situated non-pregnant employees were given unrestricted brief leave to accommodate their physical incapacity or for no reason at all.

26.     The Defendant's employment and disciplinary policies were applied differently to **VEGA** because of her pregnancy.

27.     The Defendant intentionally discriminated against **VEGA** by discharging her because she became pregnant.

28.     The Defendant acted with malice or reckless indifference to the civil rights of **VEGA**.

29.     **VEGA** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.     Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.     Reasonable attorney's fees plus costs;

v.      Punitive damages,

vi.     Compensatory damages, and;

vii.     Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, GENDER DISCRIMINATION

30.     Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

31.     **VEGA** is a female and as such, is a member of a protected class.

32.     At all material times, **VEGA** was an employee, and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

33.     **VEGA** was qualified for the positions that she held with the Defendant.

34.     **VEGA** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of her employment.

35.     The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **VEGA**'s gender in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

36.      As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **VEGA** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

7

37.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **VEGA** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

38.     As a direct and proximate result of the Defendant's actions, **VEGA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

39.     **VEGA** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.   Reasonable attorney's fees plus costs;

v.   Punitive damages;

vi.   Compensatory damages, and;

vii.   Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, GENDER DISCRIMINATION

40.   Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

41.   **VEGA** is a female and as such, is a member of a protected class.

42.   At all material times, **VEGA** was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

43.   **VEGA** was qualified for the positions that she held with the Defendant.

44.   **VEGA** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of her employment.

45.   The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **VEGA**'s gender in violation of the FCRA.

46.   As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **VEGA** has lost benefits and privileges of her

employment and has been substantially and significantly injured in her career path.

47.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **VEGA** is entitled to all relief necessary to make her whole as provided for under the FCRA.

48.     As a direct and proximate result of the Defendant's actions, **VEGA** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

49.     **VEGA** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.     Reasonable attorney's fees plus costs;

v.     Punitive damages;

vi.     Compensatory damages, and;

vii.     Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KRISTI VEGA**, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: September 25, 2024     **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com